**Nath Crockett WOMACK,
Petitioner–Appellant,**

v.

**Rick THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.**

No. 08–40478
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 21, 2009.

Nath Crockett Womack, Tennessee Colony, TX, pro se.

Joseph Peter Corcoran, office of Atty. Gen., Postconviction Lit. Div., Austin, TX, for Thaler.

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:

Following a jury trial, Nath Crockett Womack, Texas prisoner # 803963, was convicted of murder and was sentenced to serve life in prison. Initially, Womack did not file a petition for discretionary review (PDR) with respect to this judgment, but the Texas Court of Criminal Appeals later granted him authorization to proceed with an out-of-time PDR.

The instant appeal arises from the district court's denial of Womack's 28 U.S.C. § 2254 habeas corpus petition as untimely. This denial was grounded in the district court's determination that Womack's out-of-time PDR did not toll the period for filing his § 2254 petition or otherwise affect the limitations period found in 28 U.S.C. § 2244(d). Relying upon *Jimenez v. Quarterman*, —— U.S. ——, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009), Womack argues that this decision was incorrect and

that the time for filing his § 2254 petition began to run after the conclusion of proceedings related to his out-of-time PDR. The Respondent agrees that the district court incorrectly dismissed Womack's § 2254 petition as untimely in light of *Jimenez* and requests that the judgment be vacated and the case remanded for further proceedings.

This court conducts a de novo review of the district court's determination that Womack's § 2254 petition was untimely. *See Emerson v. Johnson*, 243 F.3d 931, 932 (5th Cir.2001). In *Jimenez*, the Court held that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." 129 S.Ct. at 686. Consequently, the district court's determination of untimeliness was incorrect on the facts before us. Moreover, Womack's petition complies with *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), insofar as it also raises reasonably debatable claims of the denial of constitutional rights. *See Jimenez*, 129 S.Ct. at 684 n. 3 (emphasizing *Slack*'s requirement that, when a district court denies a habeas petition on procedural grounds, an appellate court should grant a Certificate of Appealability only if the prisoner shows that reasonable jurists could debate both whether the petition states a valid claim of constitutional violation and whether the district erred procedurally).

We VACATE the judgment of the district court and REMAND for further proceedings consistent with *Jimenez*. We express no opinion on the ultimate disposition of Womack's § 2254 petition.